**WO**                                                                                           JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamal Al Amiri, | No. CV 08-1160-PHX-MHM (JCG) |
| Petitioner, | **ORDER** |
| vs. | |
| Katrina Kane, | |
| Respondent. | |

Petitioner Jamal Al Amiri (A71-672-761), who is confined in the Florence Service Processing Center in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The filing fee has been paid. The Court will require Respondent to answer the Petition.

**I.   Petition**

Petitioner alleges that immigration officials are holding him in detention pending his removal to Iraq, but that his removal has not been effected. Petitioner argues that he is entitled to immediate release from custody because his detention with no prospect that his removal will be effected in the reasonably foreseeable future is not authorized by law. See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months); Clark v. Martinez, 543 U.S. 371 (2005) (extending the holding in Zadvydas to inadmissible aliens).

The REAL ID Act of 2005 does not deprive the Court of jurisdiction because the Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); See also Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal."). The Court will therefore require Respondent to answer the Petition.

**II.    Warnings**

    **A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B.    Copies**

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Petitioner also must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

    **C.    Possible dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Clerk of Court must serve a copy of the Summons, Petition, and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the

1 civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of
2 the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail
3 a copy of the Summons, Petition and this Order to the United States Attorney General
4 pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2).

(2) Respondent must answer the Petition within 20 days of the date of service. Respondent must not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(3) Petitioner may file a reply within 20 days from the date of service of the answer.

(4) This matter is referred to Magistrate Judge Jennifer C. Guerin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 21st day of July, 2008.

_____
Mary H. Murguia
United States District Judge